UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Charles Dean</u>

    v.                                      Civil No. 14-cv-184-JL

<u>United States of America</u>

**REPORT AND RECOMMENDATION**

Before the court is defendant's motion to dismiss (doc. no. 10) federal prisoner Charles Dean's complaint asserting claims under the Federal Tort Claims Act ("FTCA"). Dean seeks to recover for injuries allegedly caused by his exposure to toxic fumes generated by epoxy-based floor chemicals at the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin").

The government, citing the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c)(4), argues that this court lacks subject matter jurisdiction over Dean's FTCA claims. Dean objects (doc. no. 11) to the motion to dismiss, the government replied (doc. no. 12) to the objection, and Dean has filed a surreply (doc. no. 13). The motion to dismiss (doc. no. 22) has been referred to this magistrate judge for a report and recommendation, pursuant to LR 72.1.

**Discussion**

I.  Rule 12(b)(1) Standard

The government's motion, filed under Fed. R. Civ. P. 12(b)(1), argues that because the IACA's administrative remedy for a federal prisoner's work-related injuries is exclusive, Dean's FTCA claims must be dismissed for lack of jurisdiction. The government's factual challenge to this court's subject matter jurisdiction is not intertwined with the merits, in that Dean seeks to show that his injuries were not related to any work assignment.  This court's review of that jurisdictional issue can, accordingly, involve the consideration of evidence outside of the pleadings and the resolution of disputed issues of material fact.  Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007) ("if the facts relevant to the jurisdictional inquiry are not intertwined with the merits of the plaintiff's claim," the "'trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case'" (citations omitted)).  The burden to prove jurisdiction rests with the plaintiff.  See Acosta-Ramírez v. Banco Popular de P.R., 712 F.3d 14, 20 (1st Cir. 2013).

II. IACA

The IACA authorizes the payment of "compensation to inmates

. . . for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The Attorney General's regulations implementing the IACA further specify that compensation may be awarded for "work-related injuries." 28 C.F.R. § 301.301(b). Cf. 18 U.S.C. § 4126(c)(4) (specifying that inmate compensation shall be paid "under rules and regulations promulgated by the Attorney General").

The remedy provided by the IACA, in the nature of worker's compensation, is exclusive. See United States v. Demko, 385 U.S. 149, 152-54 (1966); cf. Vilanova v. United States, 851 F.2d 1, 4 (1st Cir. 1988) ("Worker compensation acts as a substitute rather than a supplement for FTCA actions."). This court lacks subject matter jurisdiction over any FTCA claims arising out of injuries that may be compensable under the IACA. See Demko, 385 U.S. at 152.

Dean contends that his injuries were not compensable under the IACA because they were incurred outside of his regular inmate work assignment. He characterizes his regular inmate job as working in the Berlin Powerhouse, under the supervision of Corrections Officer ("C.O.") Parker. He further states his

3

injuries were incurred under the supervision of FCI-Berlin Capt. Andrew Galetta, and that he was never employed by Capt. Galetta and did not routinely work in the FCI-Berlin building where the injury occurred. He further states that he felt obliged to do the project for Capt. Galetta in light of his position as the head of institutional discipline and security, and that he did the work as a favor to keep in Galetta's good graces.

Moreover, Dean maintains, "no pay was ever discussed or agreed to," between himself and Galetta. Dean accuses Galetta of paying him for the task after the fact, to dissuade Dean from pursuing a claim. Plf.'s Obj. (doc. no. 11), at 1. Dean asserts that C.O. J. Dasilva could produce work log notes describing Dean's complaints on the date Capt. Galetta asked him to do the project, and that the notes would record that Dean did not want to do the task. See Pl.'s Aff. (doc. no. 19), at 1.

None of the facts cited by Dean controls whether Dean's injuries were potentially compensable under the IACA. The statute itself indicates that compensation may be awarded to inmates who suffer injuries "in any work activity in connection with the maintenance or operation of the institution" in which the inmate was confined. 18 U.S.C. § 4126(c)(4). If there is any doubt as to whether Dean's application of an epoxy-based

floor finishing product to a floor in an FCI-Berlin building at the direction of a staff member was a "work activity in connection with the maintenance or operation" of FCI-Berlin, id., the Attorney General's IACA regulations resolve that ambiguity.  Those regulations define "work-related injury" as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment," see 28 C.F.R. § 301.102(a), and further provide that compensable injuries are not limited to those incurred during the inmate's "regular" work assignment:

> Compensation may only be paid for work-related injuries . . . .  This ordinarily includes only those injuries suffered during the performance of an inmate's regular work assignment.  However, injuries suffered during the performance of voluntary work in the operation or maintenance of the institution, when such work has been approved by staff, may also be compensable.

28 C.F.R. § 301.301(b).

Dean does not dispute that he performed the job at Capt. Galetta's direction, and that the job was related to the operation and maintenance of FCI-Berlin.  Dean's observation that Galetta was not his regular supervisor, and that Galetta and Dean did not agree on the amount of pay he was to receive are not controlling factors.  Cf. 28 C.F.R. § 301.301(b) (compensation may be available for "injuries suffered during the

5

performance of voluntary work in the operation or maintenance of the institution, when such work has been approved by staff"). The record before this court shows that Dean received payment for work performed in a number of different capacities for departments other than the Powerhouse at FCI-Berlin both before and after his injuries; there appears to be nothing unusual about Dean's working for a different department.  See Doc. No. 12-2, at 2-5.  Dean's persistence in performing the job at issue here over a period of days for up to eight hours each day is consistent with a finding that Dean was engaged in a work assignment with the approval of FCI-Berlin staff.

According to the record before the court, Dean's injuries were incurred during a special work assignment undertaken with the approval of staff, and thus may be compensable under the IACA.  Dean has failed to carry his burden of showing that his injuries were not within the scope of injuries that may be compensable under that statute.[1]  Accordingly, this court lacks subject matter jurisdiction over Dean's FTCA claims, and the case should be dismissed without prejudice.  See Demko, 385 U.S. at 152.

---

[1]This court's finding that the injuries were work-related does not resolve the separate question of whether Dean is entitled to an award under the IACA, which is a matter that is not before this court.

6

**Conclusion**

For the foregoing reasons, the district judge should grant defendant's motion to dismiss the complaint (doc. no. 10), for lack of subject matter jurisdiction.

_____
Andrea K. Johnstone
United States Magistrate Judge

November 12, 2014

cc: Charles Dean, pro se
    Robert Rabuck, Esq.